IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRI HAUBNER                                                                                   PLAINTIFF

           v.                              Civil No. 04-4158

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                         DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Plaintiff, Terri Haubner, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her applications disability insurance benefits (hereinafter "DIB"), and for supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423,* and § 1602 of Title XVI, *42 U.S.C. § 1381a* of the Act, respectively.

Plaintiff was 37 years of age at the time of the administrative hearing and possesses a twelfth grade education plus either one (1) or two (2) years of college (T. 268, 124). She has worked in the past as a nurse's assistant, a telephone operator, waitress, car hop, cashier and receptionist (T. 102-109). Plaintiff asserts disability due to: degenerative disc disease; herniated nucleus pulposus; seizure disorder; obesity; psoriasas; extremity numbness; incontinence; headaches; stuttering; fatigue; and, diverticulitis.

Plaintiff protectively filed her application for DIB on April 19, 2002, and her SSI application on August 13, 2002 (T. 71-73, 238-239). The Social Security Administration denied plaintiff's applications initially and on reconsideration. She then requested and

received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on March 3, 2004 (T. 250-286), at which plaintiff was represented by counsel, and after which the ALJ rendered an unfavorable decision dated June 23, 2004 (T. 20-25). On November 2, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 6-8), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's unfavorable decision. See *42 U.S.C. § 405(g)*. Both parties have filed appeal briefs herein (Doc. #7 & 8), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the

burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1)

the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, *45 F.3d 1190, 1193 (8th Cir.1995); see also Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*. The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, *739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, *830 F.2d 878, 882 (8th Cir.1987)*. The

ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, *862 F.2d 176, 179 (8th Cir.1988)*.

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988)*. Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e)*.

Residual functional capacity is what a plaintiff can do despite her limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's

opinions, and the plaintiff's description of her limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995);* 20 C.F.R. § 416.945(a).

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

Further, the prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a

AO72A
(Rev. 8/82)

consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987)*. However, neither is the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989)*. Moreover, the deference accorded a treating physician is premised upon a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986)*.

Finally, step four of the sequential analysis used in Social Security disability determinations requires the ALJ to review the plaintiff's residual functional capacity and the physical and mental demands of the plaintiff's past work. *See 20 C.F.R. § 404.1520(e)*. "[T]he ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a plaintiff's past relevant work and to compare that with what the plaintiff herself is capable of doing before he determines that she is able to perform her past relevant work." *Nimick v. Secretary of Health & Human Servs., 887 F.2d 864, 866 (8th Cir.1989)* (emphasis in original). These findings require evidence of the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." *See id. n. 2* (quoting *S.S.R. No. 82-61, Soc.Sec.Rep. 836, 838*.

**Discussion:**

At the outset, we note that the record documents plaintiff's alleged subjective

allegations and nonexertional limitations, including: seizure disorder (T. 263, 254, 255, 262, 279, 179, 222, 272, 234); headaches (T. 262, 263, 203, 199, 197); psoriasas (T. 254-255, 279, 111, 163, 164-167, 172, 174, 179, 234); numbness (T. 136, 263, 264, 265, 274, 135); incontinence (T. 179, 214); stuttering (T. 266, 269, 274, 275); fatigue (T. 267, 123); and, pain. The record also amply supports the diagnoses and conditions which could reasonably be found to cause such complaints, such as: herniated nucleus pulposus/degenerative disc disease (T. 218, 254, 260, 263, 272, 123, 130, 131-132, 135, 136, 168, 169, 170, 171, 173, 174, 176, 177, 179, 182, 186, 199, 205, 213, 214, 215, 216, 219, 225, 233, 234, 226); obesity (T. 173-174, 179, 183, 208, 214, 216, 268, 121); and, diverticulitis (T. 111, 123, 179, 214, 222, 223, 233, 234).

The administrative record contains scant information concerning the plaintiff's previous work as a receptionist. Plaintiff did not testify, at length, about this job and neither the ALJ nor plaintiff's counsel elicited any testimony about this specific past work (T. 261). Plaintiff's only testimony with respect to this issue was to the effect that, as a receptionist, her duties included "answering the phone, and paperwork and scheduling" (T. 261). When completing her Work History Report dated April 8, 2002, plaintiff described the work as requiring: "receptionist skills plus some secretary (sic) example scheduling appts for the owner Don Ahern took messages when employees were out of office or away from desk" (T. 79). When completing a second Work History Report, dated April 20, 2002, plaintiff did not give any description of past work as a receptionist, but rather, categorized the job performed for Mr. Ahern as "equipment rentals" (T. 102).

Overall, we conclude that the record does not contain substantial evidence to support the

AO72A
(Rev. 8/82)

ALJ's decision that plaintiff is capable of performing her past relevant work as a receptionist. The Commissioner has promulgated specific guidelines that the ALJ must follow when evaluating whether a plaintiff can return to her past work. *E.g., Social Security Ruling 82-62; see Groeper v. Sullivan, 932 F.2d 1234, 1238 (8th Cir.1991)*. The ALJ must obtain detailed information regarding the mental and physical demands of the past work and, for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work. *SSR 82-62*.

The United States Court of Appeals for the Eighth Circuit has held that the ALJ must specifically set forth the plaintiff's physical and mental limitations, along with the physical and mental requirements of the plaintiff's past relevant work. Only then can the ALJ adequately "compare the claimant's residual functional capacity with the demands of the past work to determine whether the claimant is capable of performing the relevant tasks." *Groeper v. Sullivan, 932 F.2d at 1239; Kirby v. Sullivan, 923 at 1326-27*. "An ALJ's decision that a claimant can return to his past work must be based on more than conclusory statements." *Groeper v. Sullivan, 932 F.2d at 1238*. The ALJ has failed to conduct the required analysis and comparison of plaintiff's residual functional capacity with the demands of her past relevant work.

Accordingly, the undersigned finds that the ALJ's decision is barren of proper analysis/comparison as contemplated by the regulations. Thus, the ALJ has failed to adequately

compare the plaintiff's residual functional capacity with the demands of her past work. "A conclusory determination that the claimant can perform past work," without such findings, "does not constitute substantial evidence that the claimant is able to return to his past work." *Groeper, 932 F.2d at 1239.* Thus, the ALJ's decision must be reversed on this basis.

Additionally, the plaintiff has seen and been treated by numerous doctors over the years (T. 130-186, 195-237). She allegedly suffers from numerous physical impairments, several of which are supported by significant record evidence. Under these circumstances, the Social Security Act requires the Commissioner to consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *See 20 C.F.R. § 404.1523; Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir.2000); Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir.1991).* In the present case, the ALJ was obligated to consider the combined effects of plaintiff's numerous physical impairments, as well as her asserted mental impairments. *See id.* Here, the only impairment the ALJ found to be "severe", as contemplated by the regulations, is her degenerative disc disease (T. 24).

Notably, a careful reading of the ALJ's decision, along with a review of the administrative record, reveals an inadequate assessment of the totality of plaintiff's impairments. Rather, each impairment was discussed singly, found to have no medical evidence in support of its existence or not discussed, at all. The failure to consider the plaintiff's impairments in combination is reversible error.

Finally, without specifically so stating, the ALJ appears to have relied upon a verbal RFC assessment given by Dr. Henry Hamilton, a medical expert who testified via telephone

during the plaintiff's administrative hearing (T. 21, 253-260). Dr. Hamilton has never examined the plaintiff. Rather, he testified about plaintiff's RFC, based upon only a portion of the medical evidence that are a part of this administrative record (T. 1-5, 253-254). In relying upon Dr. Hamilton's RFC, the ALJ had to disregard that of Dr. Richard Ridlon, a treating physician. The ALJ is required to more than minimally articulate the reasons behind a decision to give the opinion of one doctor greater weight than another. The ALJ has failed to adequately do so herein (T. 23, ¶4).

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner, denying benefits to the plaintiff, should be reversed and this matter remanded for an reconsideration of the plaintiff's residual functional capacity, as compared with the demands of her past relevant work as a receptionist, and with particular attention to be paid to the combined effect of plaintiff's numerous alleged impairments.

ENTERED this 22nd day of December, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)